UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GENEVIEVE YORK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:12-cv-00151-SEB-TAB |
| ) | |
| WILLOW CROSSING HEALTH & REHAB, ) | |
| KEEPSAKE VILLAGE, ) | |
| WILLOW CROSSING HEALTH AND ) | |
| REHABILITATION CENTER, ) | |
| ) | |
| Defendants. ) | |

**Entry Granting Motion to Dismiss and Directing Entry of Final Judgment**

Plaintiff Genevieve York ("York") filed this civil action against Willow Crossing Health and Rehabilitation Center ("Willow Crossing") and Keepsake Village. The complaint was dismissed for failure to state a claim upon which relief may be granted and York was given the opportunity to file an amended complaint. *See* dkt. 18; s*ee also Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). York's response filed on September 28, 2012, was understood to be the amended complaint. See dkt. 23. Willow Crossing now seeks dismissal of the amended complaint pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure.* Willow Crossing argues that York has failed to adequately set forth allegations or facts sufficient to give the defendants fair notice of the grounds upon which she claims her federally secured rights were violated. For the reasons explained below, the motion to dismiss [dkt. 24] is **granted.**

To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir.2010) (emphasis in original).

York's amended complaint fails to allege facts in support of her claims brought pursuant to Title VII of the Civil Rights Act of 1964, the Freedom of Information Act, "Sec 4 of the OSHA Act," the False Claims Act, or 42 U.S.C. § 1981. Nor does she make any demand for relief. In addition, the amended complaint includes conflicting statements such as, "this question is pursuant to the action taking by the Indiana Attorney General Office and subsequently by the Indiana State Board of Nursing." Dkt. 23 at p. 3. York's amended complaint is subject to dismissal as incomplete in these respects, because to support a viable claim for relief "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007).

Having been given an opportunity to correct the deficiencies in the complaint and having failed to do so, this action is now dismissed for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6).

All other pending motions [dkts. 28 and 30] are **denied as moot.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/23/2013

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

GENEVIEVE YORK
1717 California St
Columbus, IN 47201

All Electronically Registered Counsel